UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-654-RJC

| DARRYL THOMPSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| SAMANTHA PENDERGRASS, KEITH EARLY, REKEISHA ANDERSON, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). The provisions of 28 U.S.C. § 1915A(a) provide that the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1).[1] For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim.

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina incarcerated in the Pasquotank Correctional Institution. According to the Complaint, Plaintiff was confined for over one year on state charges in Mecklenburg County and then released after the charges were dropped. (Doc. No. 1 at 2). Plaintiff names as defendants Samantha Pendergrass, whom he identifies as assistant

---

[1] The Court has examined Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and finds that it should be granted. (Doc. No. 1-2).

1

district attorney with the Mecklenburg County District Attorney's Office; Keith Early, whom he identifies as a detective with the Charlotte-Mecklenburg Police Department; and ReKeisha Anderson, whom Plaintiff identifies as the person responsible for bringing forth the charges which were ultimately dismissed (the "dismissed charges"). (Id. at 3).

Plaintiff claims Detective Early violated his constitutional rights by "submitting a egregious investigation report to the DA's office on or about 2 June 08." Plaintiff contends the report contained insufficient evidence of Plaintiff's guilt. Plaintiff contends that in June 2008, Defendant Pendergrass accepted Det. Early's report and filed the dismissed charges against him. In April 2011, Plaintiff asserts that all of the these charges were dismissed after Plaintiff was convicted on non-related offenses. Plaintiff explains that he was arrested on the dismissed charges in June 2008 and confined in the Mecklenburg County Jail from 2008 through 2011. Plaintiff states that from April 2008 to July 2008, he was serving prison time on offenses unrelated to the dismissed charges, and that he was scheduled to be released in July 2008 after his sentence expired. Instead, Defendant Pendergrass filed the dismissed charges and Plaintiff's confinement was prolonged until June 2009 when he was convicted of charges unrelated to the false charges.[2] (Id. at 4).

In his claim for relief, Plaintiff seeks, among other things, $200,000 in damages for mental and physical harm which includes compensatory and punitive damages. Plaintiff contends that the imprisonment on the dismissed charges cost him a great job, his home and his children. (Id.).

---

[2]According to the North Carolina Department of Public Safety's Offender Information website, these "unrelated" charges likely include first degree rape for which he was sentenced to an active term of imprisonment of 39 years and 2 months. Plaintiff's projected release date is May 7, 2041.

2

## II.    LEGAL STANDARD

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In his Complaint, Plaintiff must allege "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Fed. R. Civ. P. 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## II.    DISCUSSION

Plaintiff's Complaint must be dismissed because it is limited to a few conclusory

allegations which, even considered collectively, fail to state a claim for relief. Plaintiff contends that Defendant Early presented an "Egregious Investigation Report to the DA's office on or about 2 June 2008." (Doc. No. 1 at 4). Plaintiff, rather than labeling the report as false, contends that the report contained "insufficient evidence that would have proved" him guilty. (Id.). The proof of the insufficiency of the evidence, as Plaintiff must maintain, is that the charges filed by Defendant Pendergrass were later dismissed.

The claims against all defendants must be dismissed as the Complaint was filed well outside of the statute of limitations.[3] "[I]n evaluating a complaint filed *in forma pauperis* pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). Plaintiff alleges that Det. Early met with Defendant Anderson in June 2008 to discuss the information that became the basis of the "egregious" report. According to Plaintiff, Det. Early submitted his report to Defendant Pendergrass on or about June 2, 2008. Plaintiff was arrested on the strength of what he contends was the insufficient information contained in the report in June or July 2008. Plaintiff did not file his Complaint until the earliest date of December 19, 2011.

There is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. In determining whether a cause of action has expired, the Court looks to the statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th

---

[3]The Court notes that in addition to being tardy under the statute of limitations, Plaintiff has failed to state a claim against Defendant Anderson in any event. Section 1983 claims are only properly brought against one acting under color of state law. There are no allegations that Anderson was working for the State or for the Charlotte-Mecklenburg Police Department. The only allegation against Anderson is that she was responsible for "bringing forth the 6 refuted charges." (Doc. No. 1 at 3).

4

Cir. 1995). In his claim for relief, Plaintiff alleges that he suffered physical and mental anguish because of the actions of the defendants: Anderson in providing apparently false information to Det. Early; Det. Early who provided the "egregious" report to the assistant district attorney, Defendant Pendergrass; and finally, Pendergrass who apparently relied on the report in making her determination to file charges. Plaintiff's cause of action would appear to be one for personal injury which includes a claim for intentional infliction of emotional distress.

Under North Carolina law, the statute of limitations for personal injuries is three years. See N.C. Gen. Stat. § 1-52(16). Therefore, Plaintiff's claims must have been brought within 3 years of the date the claim was known to him. Although the statutory limitations period for Section 1983 claims is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 40 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.

In the present case, Plaintiff knew or had reason to know that he was confined on the "dismissed charges" in June or July 2008. Plaintiff does not allege that he did not learn about the "egregious report" until months or years later following his confinement. Rather, Plaintiff's Complaint suggests that he knew shortly after being confined in June or July 2008 that the basis for his confinement was the report provided by Det. Early. See Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by exercise of due diligence should have discovered, the facts forming the basis of his cause of action.").

The Court finds that the statute of limitations began to run, at the latest, in July 2008. Because Plaintiff's Complaint was not filed until December 2011, his Complaint will be

5

dismissed for failure to state a claim.

**IV.  CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs is **GRANTED**. (Doc. No. 1-2).

2. Plaintiff's Complaint is **DISMISSED with prejudice** for failure to state a claim for relief upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). (Doc. No. 1).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge